UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARK WILLIAMS,

    Plaintiff,

v.                                          CASE NO. _____

FIRST ADVANTAGE
BACKGROUND SERVICES
CORP.,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, MARK WILLIAMS, and for his Complaint Defendant FIRST ADVANTAGE BACKGROUND SERVICES CORP. ("FABSC"), alleges as follows:

**NATURE OF THE CASE**

1. This FCRA action arises out of Plaintiff's application for employment with non-party Fidelity Investments ("Fidelity").

2. As part of its hiring processes, Fidelity and its subsidiaries use background checks to make employment decisions.

3. Fidelity hired FABSC to perform a pre-employment background check on Plaintiff, the reporting of which information is subject to the FCRA's

1

strictures. The FCRA imposes several important accuracy and transparency requirements on consumer reporting agencies ("CRAs") like Defendant FABSC, which are designed to protect consumers like Plaintiff.

4. Plaintiff brings a claim against FABSC under 15 U.S.C. § 1681e(b), for its failure to establish or to follow reasonable procedures to ensure the maximum possible accuracy in the preparation of the consumer report and consumer files it published and maintains concerning the Plaintiff.

5. Fidelity received the report results from FABSC around January 12, 2023, and after attempting to dispute several times without resolve the continued erroneous reporting by FABSC resulted in Plaintiff being disqualified from employment with Fidelity.

6. The report from FABSC inaccurately suggested Plaintiff was convicted of two felonies, but Plaintiff has never been convicted of a felony.

## JURISDICTION AND VENUE

7. The Court has subject-matter jurisdiction under the FCRA, 15 U.S.C. §§ 1681n and 1681p.

8. Venue is proper in this Court, because all of the events giving rise to Plaintiff's claims took place in this District and Division. Plaintiff applied for employment here, and FABSC failed in its FCRA duties here.

## PARTIES

9. Plaintiff is a "consumer" as protected and governed by the FCRA.

2

10. Defendant FABSC is a corporation authorized to do business in the State of Florida through its registered agent Corporation Service Company, located at 1201 Hays St., Tallahassee, FL 32301.

11. At all times pertinent to this Complaint, Defendant FABSC was a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). FABSC is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d), to third parties.

12. FABSC disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

13. On or around December of 2022, Plaintiff sought employment with Fidelity. During the application process, Plaintiff was interviewed on three separate occasions. On January 3, 2023, Fidelity offered him a position conditioned on passing a background check. The conditional start date was January 12, 203.

14. Plaintiff submitted his background check form and Fidelity submitted the request for a background check to be conducted on Plaintiff to FABSC on or about January 4, 2023. Part of that application material included providing FABSC with personal identifying information for them to conduct the background report.

15. FABSC took the information Plaintiff provided and created a background check report about him for Fidelity. FABSC completed the report on January 6, 2023.

16. As is commonplace for background-check companies, FABSC offers a "scoring" or "adjudication" service to employers. Employers like Fidelity provide FABSC with hiring criteria, and FABSC compares the results of its background check to that hiring criteria to determine if the subject consumer is disqualified from employment at Fidelity based on information FABSC uncovers during its creation of the background report.

17. FABSC then provides the report to the employer with a score of "eligible" or "ineligible" for employment based on the employer's hiring criteria.

18. In Plaintiff's case, FABSC took the name its system permitted Plaintiff to provide and, when it searched criminal records, confused him with an individual who was convicted of crimes including a felony conviction for aggravated unlawful use of a weapon, and a felony conviction for continuing financial crimes enterprise, all of which is false.

19. On January 12, 2023, Plaintiff received a copy of the background report conducted by FABSC and was provided an opportunity to dispute the report.

20. Shortly thereafter, Plaintiff called FABSC to dispute their report and submitted a copy of his driver's license to illustrate that they are mixing him up with an individual with a very similar name that lives in Cook County, Chicago

with a quite difference physical profile. Additionally, during this call, Plaintiff further explains that he has never resided or visited the State of Illinois.

21. FABSC responded to Plaintiffs dispute on February 7, 2023, by stating , "We have completed our reinvestigation of the disputed information and have verified that the original information provided on the background report was reported accurately."

22. Due to FABSC's lack of conducting a re-investigation, Plaintiff was forced to change his start date with Fidelity, with a new start date of February 6, 2023.

23. With lack of response from FABSC, Plaintiff continued to communicate with the Defendant to follow up with his background dispute.

24. Ultimately, due to the severity of the false criminal charges that continued to be reported on his FABSC's background report, Fidelity declined to hire Plaintiff for the position which he applied for.

25. Plaintiff was concerned that this report tarnished his future. Therefore, in response to FABSC's reluctance to conduct the investigation and the job denial from Fidelity, Plaintiff sent a very detailed dispute letter to the Defendant on February 9, 2023. In the aforementioned dispute letter, Plaintiff included a copy of his driver's license and an image of the individual that was arrested for the actual criminal charged to illustrate that Plaintiff looks nothing like the individual. Plaintiff also included images of his employment denial and the charges that FABSC was accusing him of.

26. Plaintiff mailed the dispute letter via USPS certified mail 7022 0410 0001 4002 4304.

27. Plaintiff did not receive a response from the Defendant as to his dispute letter.

28. Due to the lack of investigation by FABSC, Plaintiff was consequently denied employment with Fidelity on February 6, 2023.

29. FABSC has previously been sued for its violations of the FCRA, and thus it knows that it is governed by the FCRA. It is aware of the entire text of the FCRA and its legislative history.

30. FABSC accesses large databases of public records. From there the Defendant accesses and compiles databases to prepare and furnish consumer reports for employment and other purposes.

31. FABSC failed to maintain and follow reasonable procedures regarding the accuracy of information when preparing and furnishing Fidelity a consumer report regarding Plaintiff.

32. FABSC failed to consider all the relevant information in its possession when preparing the report regarding Plaintiff, as it should have been clear the information returned about Plaintiff did not match the personal information Plaintiff provided to FABSC.

33. FABSC failed to utilize reasonable procedures to ensure maximum possible accuracy of the information and proceeded to provide an inaccurate report which negatively affected Plaintiff.

34. Due to begin a denied a job with Fidelity, Plaintiff lost out on potential income he would have received.

35. As a result of this conduct including the actions and/or inactions of FABSC, Plaintiff suffered damages including but not limited to: loss of salary, stress, and loss of sleep.

36. Plaintiff has felt embarrassment of attending his own employment going away party with his prior employer with non-party Amazon after notifying them of his job offer.

37. Plaintiff suffered mental anguish as he knew the information was inaccurate and believed FABSC should have easily been able to notice and correct the inaccuracies.

38. Plaintiff additionally felt fear and apprehension at applying for further jobs know that FABSC would likely just supply the same false report again, resulting in further employment denial.

## CAUSES OF ACTION

### COUNT I: VIOLATIONS OF 15 U.S.C. § 1681e(b)

39. Plaintiff incorporates by reference those paragraphs set out above, 1 through 39, as though fully set forth herein.

40. FABSC violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files it published and maintains concerning Plaintiff. FABSC report was patently false in such a way and

7

to such an extent that it can be expected to adversely affect hiring decisions. FABSC should have known Plaintiff did not have felony criminal charges.

41. The conduct, action, and inaction of FABSC was willful, rendering it liable for Plaintiff's actual damages, as well as punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. FABSC acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff under 15 U.S.C. § 1681b(b)(3)(A).

42. FABSC knew or should have known of its legal obligations under the FCRA. These obligations are well established in the plain language of the statute and published circuit court authority. FABSC obtained or otherwise had available substantial written materials that apprised FABSC of its duties under the FCRA.

43. Moreover, FASBC has been sued repeatedly for inaccuracies relating to its background-check reports. *See, e.g., Williams v. First Advantage LNS Screening Sols. Inc.*, 947 F.3d 735, 739 (11th Cir. 2020). It has therefore long been on notice of the problems inherent in its systems yet has done nothing to correct them.

WHEREFORE the Plaintiff demands judgment and compensatory, statutory, and punitive damages against Defendant, FASBC, jointly and severally; for his attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT II: VIOLATIONS OF 15 U.S.C. § 1681i

44.     Plaintiff incorporates by reference those paragraphs set out above, 1 through 39, as though fully set forth herein.

45.     Defendant willfully violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's consumer file after receiving actual notice of such inaccuracies on two separate occasions; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Plaintiff's creditors and/or creditors' attorneys; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

46.     Further, Plaintiff identified to Defendant the problem with its reporting, and Defendant did nothing with that information and did not correct the inaccuracies.

47.     FASBC's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, if FASBC was negligent, Plaintiff is entitled to recover under 15 USC § 1681o.

48.     As a result of Defendants' violations of 15 U.S.C. § 1681i, the Plaintiff is entitled to recover his actual damages pursuant to 15 U.S.C. § 1681n and/or § 1681o, or in the alternative his statutory damages of $1,000 pursuant to 15 U.S.C. § 1681n.

49.     Defendants' conduct, action, and inaction was willful, rendering each Defendant liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

50.     The Plaintiff is entitled to recover his costs and attorneys' fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE the Plaintiff demands judgment and compensatory, statutory, and punitive damages against Defendant, FASBC, jointly and severally; for his attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief as follows:

a)      That judgment be entered for Plaintiff against Defendant for statutory damages and punitive damages for violations of 15 U.S.C. §§ 1681e(b) and 168ak(a), pursuant to 15 U.S.C. § 1681n;

b)      That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1681n and 1681o; and

c)      That the Court grant such other and further relief as may be just and proper, including but not limited to any equitable relief, that may be permitted.

**A TRIAL BY JURY IS DEMANDED.**

Dated this 27th day of March 2023.

      Respectfully submitted,

                **/s/Octavio Gomez**
                Octavio "Tav" Gomez
                Florida Bar #:0338620
                Georgia Bar #: 617963
                Pennsylvania #: 325066
                The Consumer Lawyers PLLC
                412 E. Madison St, Ste 916
                Tampa, FL 33602
                Cell: (813)299-8537
                Facsimile: (844)951-3933
                Primary Email: Tav@theconsumerlawyers.com
                Secondary Email: Lisa@theconsumerlawyers.com
                *Attorney for Plaintiff*